CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 10 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY O. MILLER, )<br>    Petitioner, ) | Civil Action No. 7:07-cv-00410 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY W. JARVIS, et al., )<br>    Respondent. ) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Jeffrey O. Miller, brings this habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of the Pittsylvania County for involuntary manslaughter and driving under the influence as a second offense. Miller claims that the trial court committed error in allowing hearsay evidence, that he was not arrested for DUI at the scene of the accident, that photographs show that the victim ran a stop sign and struck Miller, causing the accident, that the victim was not wearing a seatbelt, and that trial counsel rendered ineffective assistance in failing to "bring up" the foregoing issues, which resulted in an "[un]intelligent verdict." This matter is before the court on respondent's motion to dismiss. The court finds that the Supreme Court of Virginia already adjudicated Miller's ineffective assistance claim on the merits and in a manner consistent with clearly established federal law, and that his remaining claims are procedurally defaulted. Accordingly, the court grants respondent's motion to dismiss.

I.

On January 19, 2005, Miller was convicted of involuntary manslaughter and driving under the influence ("DUI") as a second offense in the Circuit Court of Pittsylvania County and the court sentenced him to a total of 11 years in prison. Miller appealed his convictions to the Court of Appeals of Virginia, which denied his appeal on October 4, 2005. Miller then requested review by a three-judge panel, which the court denied as untimely filed. No appeal was taken to the Supreme

Court of Virginia.

Miller then filed his first habeas corpus petition in the Supreme Court of Virginia, which was denied without prejudice as premature on May 16, 2006. Miller filed his second habeas petition in the same court, which the court again dismissed as premature on October 20, 2006. Miller then filed a third habeas petition in the Supreme Court of Virginia, which the court dismissed as successive on June 26, 2007. On that same day, the Supreme Court of Virginia issued a corrected copy of its previous order in his second habeas proceeding. In that order, the court dismissed Miller's habeas petition finding that Miller's ineffective assistance of counsel claim did not satisfy the two-prong test under Strickland v. Washington, 466 U.S. 668 (1984), and that his remaining claims were procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (1974).

In his instant § 2254 petition, Miller raises the following claims:

A) That the trial court admitted hearsay evidence;

B) That petitioner was not arrested for DUI at the scene of the accident as reported in the transcripts and by officer testimony, and that he was not indicted until two weeks later;

C) That the photographs demonstrate that petitioner's car was struck "by a large vehicle" and that the victim ran the stop sign and struck petitioner "so hard [that] it knocked him off the road," which then "caused the [victim's] truck to roll off the road and flip";

D) The victim was not wearing a seatbelt, which "may have" contributed to his death; and

E) Counsel provided ineffective assistance in failing to "bring up" the issues raised in claims A-D.

## II.

Miller's claims A-D are not cognizable on federal habeas review because they are procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is
2

Court of Virginia.

Miller then filed his first habeas corpus petition in the Supreme Court of Virginia, which was denied without prejudice as premature on May 16, 2006. Miller filed his second habeas petition in the same court, which the court again dismissed as premature on October 20, 2006. Miller then filed a third habeas petition in the Supreme Court of Virginia, which the court dismissed as successive on June 26, 2007. On that same day, the Supreme Court of Virginia issued a corrected copy of its previous order in his second habeas proceeding. In that order, the court dismissed Miller's habeas petition finding that Miller's ineffective assistance of counsel claim did not satisfy the two-prong test under Strickland v. Washington, 466 U.S. 668 (1984), and that his remaining claims were procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (1974).

In his instant § 2254 petition, Miller raises the following claims:

A) That the trial court admitted hearsay evidence;

B) That petitioner was not arrested for DUI at the scene of the accident as reported in the transcripts and by officer testimony, and that he was not indicted until two weeks later;

C) That the photographs demonstrate that petitioner's car was struck "by a large vehicle" and that the victim ran the stop sign and struck petitioner "so hard [that] it knocked him off the road," which then "caused the [victim's] truck to roll off the road and flip";

D) The victim was not wearing a seatbelt, which "may have" contributed to his death; and

E) Counsel provided ineffective assistance in failing to "bring up" the issues raised in claims A-D.

## II.

Miller's claims A-D are not cognizable on federal habeas review because they are procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is

defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Id.; see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is adequate and independent is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965).

On habeas review, the Supreme Court of Virginia found that, under Slayton v. Parrigan, 205 S.E.2d 680 (1974), Miller procedurally defaulted these claims, because he could have raised them at trial and on direct appeal, but did not. The Fourth Circuit has recognized Slayton as an independent and adequate procedural rule that renders the claim procedurally defaulted in this court. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir.1997), cert. denied, 522 U.S. 978 (1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir.1996), cert. denied, 519 U.S. 1002 (1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir.1994). Therefore, this claim is procedurally defaulted.

The court notes, however, that a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher, 163 F.3d at 844-45. As Miller makes no showing excusing his default, the court finds that Miller has not demonstrated cause. Further, the court finds that Miller does not allege, and has not demonstrated, that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, the court dismisses Miller's claims A-D because he procedurally defaulted them.

3

## III.

This court may not grant relief on any claim that the Supreme Court of Virginia has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The Supreme Court of Virginia has adjudicated the merits of Miller's remaining claim of ineffective assistance and found that it fails to satisfy Strickland's two-pronged test. That adjudication neither involved an unreasonable application of clearly established federal law, nor resulted in a decision that was based on an unreasonable determination of the facts. Therefore, the court dismisses Miller's ineffective assistance claim.

Miller claims that counsel was ineffective in failing to "bring up" the issues raised in claims A-D, and that this failure prevented the judge and jury from reaching an "intelligent verdict." The Supreme Court of Virginia found that the record, including the trial transcript, demonstrated that counsel objected to the alleged hearsay, but was overruled as the testimony fell within the excited utterance exception. The court also found that eighteen photographs, which depicted significant damage to Miller's vehicle, were admitted as evidence at trial and Miller failed to articulate how additional photographs would have aided his defense. Finally, the court found that counsel was not ineffective in failing to raise the frivolous arguments Miller asserted in claims B and D because he was arrested for driving under the influence at the scene of the accident and contributory negligence is not a defense to involuntary manslaughter. Accordingly, the court found that Miller failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

The court finds that the state court's adjudication of his claim did not "result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254; Orbe v. True, 233 F. Supp. 2d 749, 767-70 (E.D. Va. 2002). Therefore, the court dismisses Miller's ineffective assistance claim.

## IV.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Miller's § 2254 petition.

ENTER: This /0/M day of December, 2007.

United States District Judge